UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LOGAN LOREAUX, et al,

    Plaintiffs,

v.

ACB RECEIVABLES MANAGEMENT

    Defendant.

Civil Action No. 14-710 (JAP)

**OPINION**

PISANO, District Judge.

Plaintiffs Logan Loreaux and Katelyn Jones (together referred to herein as "Plaintiff") bring this action alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")  Defendant ACB Receivables Management Inc. ("Defendant") has moved to dismiss the action pursuant to Federal Rule of Procedure 12(b)(6).  The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons below, Defendant's motion is denied.

**I. BACKGROUND**

The following facts are taken from the complaint (and the documents attached to the complaint) and presumed to be true for the purposes of this motion.  Logan Loreaux, an infant, received medical care at the Soch Medical Group on July 7, 2013.  Amended Complaint at D.I. 4 (hereinafter "Complaint" or "Compl.") at ¶ 15, Ex. C (Health Insurance

Claim Form). An amount of $130 was charged to this patient's account for the medical services that were rendered. *Id.* This obligation was not paid and ultimately became past due. Compl. ¶ 17. The account was subsequently turned over to Defendant for collection. Compl. ¶ 18. On December 13, 2013, Defendant sent correspondence, flagged "Important Collections Notice", to the "Parents of Logan Loreaux" seeking payment on the account. Compl. Ex. A.

The top portion of this correspondence is a payment coupon to be detached and submitted with the requested payment. In addition to the relevant addresses, this payment coupon contains three boxes. The first box contains an account number. The second box contains highlighted bold text that states, "**Amount Due: 191.57**." The third box contains the following in bold text, "**Amount Enclosed:**_____".

Below this payment coupon is the body of the correspondence. It explains that the account "has been referred to [Defendant] for collections procedures." *Id.* It further provides as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.
>
> Contact MISS SKY at 112 to resolve this account.

Compl. Ex. A. This text is followed by an account number, a PIN number and, appearing for the second time in the correspondence, in bold uppercase letters, "**AMOUNT DUE 191.57**."

Finally, below all of this is a short table containing 4 columns, and two rows. The first column in the table identifies the "Creditor" as "Soch Medical Group PC". The next identifies the relevant "Account Number." The heading for the third column is "Regarding," and below that states "Logan Loreaux." Finally, the last column in the table is headed "Amt Owed", under which it states, "130.00".

In February 2014 Plaintiff filed her complaint in this matter that Defendant has violated multiple provisions of the FDCPA. D.I. 1. In March, Plaintiff filed an amended complaint. D.I. 4.

## II. ANALYSIS

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed .R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

B.  Fair Debt Collections Practices Act

The FDCPA 15 U.S.C. § 1692, *et seq.*, regulates debt collection practices.[1]  As stated by the Third Circuit, "[b]ecause the FDCPA is a remedial statute, ... we construe its language broadly, so as to effect its purpose.  … In doing so, we evaluate communications between lenders and debtors from "the perspective of the 'least sophisticated debtor'," so as to protect "the gullible as well as the shrewd." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006) (citations omitted).  As such, "[t]he FDCPA requires that collection letters must present certain information in a non-confusing manner." *Morse v. Kaplan*, 468 F. App'x 171, 172 (3d Cir. 2012).  A communication from a debt collector is considered deceptive under the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008). Notably, even though the "least sophisticated debtor" standard is a low one, it still should serve to "prevent [] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to

---

[1] For purposes of this motion, the Court assumes that Plaintiff is a "consumer" that Defendant is a "debt collector" under § 1692(a).

read with care." *Dibattista v. Buckalew, Frizell & Crevina, LLP*, 574 Fed. Appx. 107 (3d Cir. 2014) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000)).

Plaintiff alleges in this action that the communication she received from Defendant violated the FDCPA. First, Plaintiff alleges that under the "least sophisticated debtor" standard, Defendant's correspondence violates 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff alleges that the correspondence violates this section because, according to Plaintiff, the "least sophisticated consumer" is forced to guess how much they are required to pay to settle the debt, pointing to the fact that the correspondence refers both to an amount "due" ($191.57) and an amount "owed" ($130.00). Second, for this same reason, Plaintiff alleges that Defendant violated § 1692e(2)(A), which prohibits debt collectors from making a "false representation of ... the character, amount, or legal status of any debt[.]" Finally, again for the same reasons, Plaintiff claims Defendant violated § 1692(g) because its correspondence failed to state "the amount of the debt" as required by the statute.

At their core, all of Plaintiff's arguments boil down to essentially one thing: an allegation that the "least sophisticated consumer", upon receipt of the correspondence at issue, "cannot even decipher" how much she is being requested to pay (or how much in total she owes) because the correspondence references two amounts -- $191.57 at the amount "due" and $130.00 as the amount "owed." In response to Plaintiff's allegations and in support of its motion, Defendant asserts, among other things, that the two amounts shown in the correspondence are not necessarily conflicting and could represent two amounts from two different dates on which Plaintiff received medical treatment from Soch Medical Group. In

fact, despite expressly noting that matters outside the pleadings are generally inappropriate on a Rule 12(b)(6) motion, Defendant's brief states that the reason for two different amounts appearing on the correspondence is "that there are two outstanding amounts due to SOCH that ACB is collecting." Pl. Opening Br. at 1 n.1.  According to Defendant, there is nothing false or misleading about the correspondence because, contrary to assertions by Plaintiff that the correspondence failed to accurately state the amount of the debt, the figures in the letter are an accurate reflection of the two outstanding amounts owed by Plaintiff.

These contentions regarding the different amounts on the correspondence, while ostensibly provided to the Court as an "FYI," underlie Defendant's arguments on this motion. To the extent Defendant argues for dismissal based upon facts, such as these, that can only be established by turning to materials outside the pleadings, such arguments are not appropriate on a motion under Rule 12(b)(6).  Such matters are more appropriately addressed on a motion for summary judgment.  Consequently, the Court shall deny Defendant's motion to dismiss.

III.  CONCLUSION

For the reasons above, Plaintiff's motion is denied.  An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  November 26, 2014