UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x

LOGAN LOREAUX, an infant by parent and natural guardian KATELYN JONES; and KATELYN JONES, individually; on behalf of herself and all others similarly situated,

      Plaintiffs,

-against-

ACB RECEIVABLES MANAGEMENT, INC. and JOHN DOES 1-25,

      Defendants.

------------------------------------------------------------------------x

Civil Action No.:
3:14-cv-00710-JAP-TJB

Hon. Joel A. Pisano, U.S.D.J.

Motion Return Date:
March 16, 2015

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BIFURCATE MERITS AND CLASS DISCOVERY

Jonathan S. Ziss
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Tel: (267) 519.6820
jziss@goldbergsegalla.com

Jill C. Owens (admitted *pro hac vice*)
11 Martine Avenue, Suite 750
White Plains, New York 10606-1934
Tel: (914) 798-5460
jowens@goldbergsegalla.com

*Attorneys for Defendant*
*ACB Receivables Management, Inc.*

3477215.1

At the Court's direction, defendant ACB Receivables Management, Inc. ("ACB"), hereby submits this motion to bifurcate discovery, in accordance with permission granted during the Initial Pretrial Conference held on January 13, 2015. Docket Entry 23 (annexed to the accompanying Owens Affidavit ("Owens Aff.") as Ex. A).

ACB requests that discovery initially be limited to the issue of the merits of the claim by plaintiff Katelyn Jones that it was false, deceptive or misleading for ACB to have sent debt collection correspondence that "states an Amount Due which is different than the amount stated as the Amount Owed." Compl. ¶12. ACB anticipates being in a position to move for summary judgment promptly as to Plaintiff's individual claim that ACB's correspondence to her was false and deceptive in violation of the Fair Debt Collection Practices Act. Such a motion, if meritorious and granted, would dispose of the action with maximum efficiency and savings of costs and resources.

This action involves ACB having sent, on behalf of a medical practice, Soch Medical Group P.C., debt collection correspondence to the parents of Logan Loreaux, an infant who was treated at the medical practice prior to December 2013. Defendant's motion for summary judgment, which can follow a brief period of discovery limited to the individual merits issue, will demonstrate that there was nothing false, deceptive or misleading about the debt collection correspondence. ACB strongly opposes opening discovery to all class action matters at this time, as doing so would impose significant costs and burdens on the parties and the Court. The burden upon ACB attendant to class discovery is detailed in the accompanying Affidavit of ACB's President, Alex Shnayderman, and is discussed below.

The circumstances present here clearly warrant bifurcation. A narrow, potentially dispositive issue can determine whether Katelyn Jones has a viable FDCPA claim, and if she does not, class discovery will be unnecessary. The narrow merits-based issue is isolated and is distinct from class discovery and class consideration. Substantial savings of time, cost and burden on the Court and the parties can be achieved by exploring and resolving the issue whether the correspondence violates the FDCPA, in advance of any class discovery.

On the other hand, unlimited class discovery will result in significant burdens and costs to the litigants, but, particularly ACB, as well as to the Court, despite the fact that such discovery will prove needless if a summary judgment motion results in a finding that under the facts and relevant legal principles the content of the debt collection correspondence does not violate the FDCPA. As discussed below, Plaintiff has sought a vast amount of class discovery, including, for example: (1) all documents including notes, correspondence, checks and records of payments; (2) a detailed statement of all payments made on every putative class members' accounts; and (3) a statement of and admissions regarding how many debt collection letters similar to the one Plaintiff received went to all members of the proposed class. Owens Aff. Ex. B-D.

As Mr. Shnayderman details in his accompanying affidavit, response to the vast amount of class discovery Plaintiff seeks would be unduly burdensome to ACB, requiring an enormous dedication of employee time, and incalculable, overwhelming costs and burdens. Shnayderman Aff. ¶¶ 3-6. For example, ACB uses a third-party vendor, to generate its debt collection correspondence, thus, the outgoing debt collection correspondence sought by Plaintiff does not emanate from ACB, nor is it maintained in ACB's files. *Id.* It cannot readily be determined from ACB's notations about the debtors' accounts whether a particular debtor had an amount

2

previously due as well as the amount then currently referred. *Id.* As such it is not a matter of formulation of a query in ACB's systems (or that of the vendor), to generate the debt collection correspondence and debtors' account information within the parameters of Plaintiff's class discovery demands.

As Mr. Shnayderman further explains, production of the information regarding the debts of all New Jersey citizens who received a letter like Plaintiff's would have to result from a review of notes including private information and medical claim information regarding not only members of the proposed class, but also family members insured under their guarantor's healthcare policy, all of which would implicate HIPAA. Accordingly, such information would have to be reviewed page-by page and redacted, note-by-note for every member of the proposed class. *Id.* at ¶ 5.

Bifurcation orders and orders controlling the order of discovery are within the trial court's discretion under Fed. R. Civ. P. 42(b), and the decision to bifurcate issues is appropriate when conducive to expedition and economy. *Bandai America, Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985). *See also, e.g., Brittingham v. Cerasimo, Inc.*, No. 2:08-CV-216-TLS-PRC, 2008 U.S. Dist. LEXIS 99076, at *2 (N.D. Ind. Dec. 8, 2008)(Owens Aff. Ex. F).

This Court has ordered bifurcation in analogous circumstances previously where a limited FDCPA issue existed for summary judgment that was isolated from a more vast category of class discovery that would be rendered unnecessary if the named representative was found to have plead an issue not constituting a viable legal claim. *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, No. 3:12-cv-02132-FLW-TJB, Docket entry 52-1 (D.N.J. Sept. 13, 2013) (Owens Aff. Ex. E).

Other federal courts have reached the same conclusion. *Brittingham v. Cerasimo, Inc.*, 2008 U.S. Dist. LEXIS 99076,*6-7 (N.D. Ind. Dec. 8, 2008) (Owens Aff. Ex. F), noting that if a plaintiff cannot prove the merits of their case by showing a willful violation by the defendant then valuable time and resources will be spent on discovery for the class certification issue when the plaintiffs' claim will be meritless.).

ACB respectfully disagrees with Plaintiffs' position at the Initial Pretrial Conference that the Court has already determined that Plaintiffs' FDCPA claim is legally viable because it denied ACB's pre-Answer motion to dismiss. Of course, the legal standard applicable to ACB's Fed. R. Civ. P. 12 motion was highly deferential to the pleading, whereas, under the applicable standard on a post-merits discovery summary judgment motion, facts as to Plaintiff Jones' claim would have been established, and she, as the party bearing the burden of proof, will have to come forward with record evidence sufficient to establish the claim's elements and survive the motion.

Indeed, here, the Court has already indicated that the issue whether debt collection correspondence containing both a total amount due on the account and the amount of the latest invoice could violate the FDCPA would be "appropriately addressed on summary judgment." (Docket Entry 18)(Owens Aff. Ex. G). Specifically, the Honorable Joel A. Pisano, U.S.D.J. noted in the decision denying the Rule 12 motion to dismiss that the Court could not yet consider contentions regarding the meaning of the two amounts listed on the debt collection correspondence, because such issues could not be considered on a 12(b)(6) motion. *Id.* at 5-6.

It is now well settled that federal trial courts may take up first the merits issues in a putative class action before determining class certification. Trial courts in this Circuit and federal courts nationwide have consistently recognized that where the resolution of the summary judgment motion may eliminate the need to consider the certification motion the interest of

preserving judicial resources, as well as the resources of the litigants, may well favor of addressing the summary judgment motion first. *E.g., Whitfield v. Radian Guar., Inc.*, 395 F. Supp. 2d 234, 235, 241 (E.D. Pa. 2005) (granting summary judgment in defendant's favor rendered moot plaintiff's motion for class certification). *See also Cruz v. Am. Airlines*, 150 F. Supp. 2d 103, 111 (D.D.C. 2001); *aff'd*, 356 F.3d 320 (D.C. Cir. 2004).

ACB also respectfully disagrees with another of Plaintiffs' suggestions from the same Initial Conference that full class discovery can easily be done concurrently with merits discovery, because such a suggestion ignores that ACB will bear virtually all the burden of cost and time as to class discovery. *See* Shnayderman Aff. ¶¶ 3-6. For instance, as to discovery Plaintiffs have already propounded, the burden would be solely ACB's to: (1) search and identify similar letters listing an "amount due" and an "amount owed" sent to all members of the putative class; and (2) to identify and produce *all* documents signed by *all* putative class members; and (3) to delve into the details of the accounts of the recipients of those letters to determine the timing of claims or bills and balances. Owens Aff. Ex. B at 7; Shnayderman Aff. ¶¶ 3-6. Other of the class discovery demands are facially unduly burdensome, (and likely also irrelevant to Plaintiff's lone allegation of a statutory violation), such as an interrogatory seeking a statement of all payments made by all members of the class including the dates and manner of each payment, the date default is claimed, and the date of the last payment. Owens Aff. Ex. C at Interrogatory No. 12. In addition, also solely ACB's burden would be responding to the broad, intrusive discovery already sought regarding ACB's net worth, (Owens Aff. Ex. B at 8 of 10 and Ex. C at 5 of 11), which will be unnecessary if the individual claim cannot survive on the merits.

In short, requiring full class discovery before the threshold FDCPA question Plaintiff raises can be decided would impose potentially unnecessary costs and burdens and could block

an early and efficient determination of the merits of Plaintiff's individual claim which would be antagonistic to the principles embodied in the very first of the Federal Rules of Civil Procedure which directs that the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, ACB respectfully requests that discovery be bifurcated into merits first and then class discovery only if necessary, such that initially, discovery would be limited to matters directly pertaining to Katelyn Jones' claim that the debt collection correspondence she received was false, deceptive and misleading under the FDCPA.

Dated: February 20, 2015

>Respectfully submitted,
>
>GOLDBERG SEGALLA LLP
>
>By: /s/ Jonathan S. Ziss
>Jonathan S. Ziss
>1700 Market Street, Suite 1418
>Philadelphia, PA 19103-3907
>Tel: (267) 519.6820
>jziss@goldbergsegalla.com
>
>Jill C. Owens (admitted *pro hac vice*)
>11 Martine Avenue, Suite 750
>White Plains, New York 10606-1934
>jowens@goldbergsegalla.com
>
>*Attorneys for Defendant*
>*ACB Receivables Management, Inc.*

TO: Joseph K. Jones, Esq.
Benjamin Wolf, Esq.
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004