UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x

| | |
|---|---|
| LOGAN LOREAUX, an infant by parent and natural guardian KATELYN JONES; and KATELYN JONES, individually; on behalf of herself and all others similarly situated, | Civil Action No.: 3:14-cv-00710-JAP-TJB |
| Plaintiffs, | Hon. Joel A. Pisano, U.S.D.J. |
| -against- | Motion Return Date: March 16, 2015 |
| ACB RECEIVABLES MANAGEMENT, INC. and JOHN DOES 1-25, | |
| Defendants. | |

-----------------------------------------------------------------------x

## AFFIDAVIT OF ALEX SHNAYDERMAN IN SUPPORT OF DEFENDANT ACB RECEIVABLES MANAGEMENT, INC.'S MOTION TO BIFURCATE MERITS AND CLASS DISCOVERY

STATE OF NEW JERSEY      )
                                              )   ss.:
COUNTY OF MONMOUTH  )

ALEX SHNAYDERMAN, being duly sworn, deposes and says:

1. I am President of ACB Receivables Management, Inc., ("ACB") a defendant in the above-entitled action. I have been employed by ACB for eleven years. I make this Affidavit on personal knowledge and from a review of information in our files.

2. I understand that Plaintiff, Katelyn Jones, seeks broad, class action-related discovery in this case, including, without limitation, sweeping requests for all documents from the period February 2013 to the present, concerning all debts owed by all members of a proposed class of all New Jersey consumers who were sent debt collection correspondence for debts owed to a New Jersey medical practice for which ACB provides billing and collection services. In

addition, for all members of this same proposed class and for the same two-year time frame, Plaintiff also seeks, among other things: (1) all documents including notes, correspondence, checks and records of payments; (2) a detailed statement of all payments made on their accounts; and (3) a statement of and admissions regarding how many debt collection letters similar to the one Plaintiff received went to all members of the proposed class.

3. Response to the class discovery Plaintiff seeks would require enormous efforts, and would impose overwhelming costs and burdens on ACB. To begin, ACB uses a third-party vendor to generate its debt collection correspondence. Thus, the outgoing debt collection correspondence sought by Plaintiff does not emanate from, nor is it maintained in ACB's files. ACB's records of the outgoing debt collection correspondence consist of a page of notes identifying the types of correspondence that ACB directed be sent to the debtor. It cannot readily be determined from these records, without a piecing together of separate notes debtor-by-debtor, whether the a debtor had an amount previously due as well as the amount then currently referred.

4. As such it is not a matter of a few keystrokes in ACB's systems or a simple formulation of a query by ACB or its vendor that would generate a list or stacks of debt collection correspondence within the parameters of Plaintiff's voluminous demands referenced above.

5. Leaving aside the question of obtaining all the debt collection correspondence as well as all the account and payment information sought, even the note in ACB's files regarding the debt collection correspondence sent could not simply be captured and produced to be analyzed and distilled by Plaintiff because the notes typically contain private, identifying information, and, additionally, there are undoubtedly entries in some of the notes concerning

specific medical claim information regarding members of the proposed class, not to mention their family members insured under their guarantor's healthcare policy, all of which would implicate HIPAA. Such information would have to be reviewed page-by page and redacted, note-by-note for every member of the proposed class.

6. In sum, it is incalculable the costs that ACB would incur to somehow retrieve all of the paper or data from its vendor, coupled with the time, cost and burden of personnel hours, to begin to compile a set of records from which the information in the parameters Plaintiff seeks could be distilled and extracted, redacted and produced.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 20, 2015

_____
Alex Shnayderman

Sworn to before me this
20 day of February, 2015.

ROBERT A. POLON
NOTARY PUBLIC OF NEW JERSEY
I.D. # 50000133
My Commission Expires 7/9/2019
_____
Notary Public